NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0215

SUSAN ROBINSON AND DOUGLASS ROBINSON, III

VERSUS

POINTE COUPEE PARISH SCHOOL BOARD AND
LOUISIANA CLAIMS ADMINISTRATOR (LOCA)

Judgment Rendered: **FEB 2 1 2024**

Appealed from the
18th Judicial District Court
In and for the Parish of Pointe Coupee
State of Louisiana
Docket No. 49987

The Honorable Elizabeth A. Engolio, Judge Presiding

| | |
|---|---|
| James F. Beatty, Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Susan Robinson and<br>Douglass Robinson, III |
| D. Scott Rainwater<br>Chris W. Caswell<br>Claire E. Sauls<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Pointe Coupee Parish School Board |

BEFORE: THERIOT, PENZATO, AND MILLER, JJ.

Theriot, J. Concurs

Penzato, J., concurs

**MILLER, J.**

Susan Robinson and Douglass Robinson, III appeal a summary judgment dismissing their claims against Pointe Coupee Parish School Board, with prejudice, based on a finding that the complained-of condition is not unreasonably dangerous. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Susan Robinson ("Ms. Robinson") and Douglass Robinson, III ("Mr. Robinson") filed suit against Pointe Coupee Parish School Board ("School Board") and Louisiana Claims Administrator, for injuries allegedly sustained in a trip and fall incident at STEM Magnet Academy of Pointe Coupee ("STEM") on October 8, 2019. Ms. Robinson was attending an event at STEM when she allegedly tripped on either an expansion joint in the sidewalk or where the sidewalk was broken by an inclined area and fell.[1] The Robinsons alleged that, as a result of the fall, Ms. Robinson suffered physical injuries, emotional distress, mental anguish, and mental pain and suffering. Additionally, the Robinsons alleged that Mr. Robinson sustained a loss of consortium, society, companionship, and services.

On February 23, 2022, the School Board filed a motion for summary judgment, contending that the Robinsons could not prove that the condition of the sidewalk was unreasonably dangerous. Further, it alleged that even if the Robinsons could prove that the defect created an unreasonable risk of harm, they would be unable to prove that the School Board had actual or constructive notice of the defect. In support of its motion, the School Board attached a statement of uncontested material facts; a list of essential legal elements; the petition for damages; an excerpt of the deposition of Ms. Robinson; photographs of the

---

[1] The location of the trip and fall incident is unclear. Ms. Robinson offers two possible locations. This uncertainty is central to our analysis.

sidewalk[2]; and the affidavit of Lacey Bueche ("Ms. Bueche") with an incident report and photographs of the sidewalk attached. The Robinsons opposed the motion and attached the affidavit of Junior Stanley ("Mr. Stanley") with photographs of the sidewalk attached.

The School Board filed a reply memorandum and an objection to Mr. Stanley's affidavit, asserting that it was not made on personal knowledge and contained inadmissible hearsay. Thereafter, the Robinsons filed a response to the School Board's objection to Mr. Stanley's affidavit and an objection to Ms. Bueche's affidavit.[3] The School Board filed a motion to strike the Robinsons' response and objection.

At the hearing on the motion, the trial court indicated that the School Board was able to show that the crack in the sidewalk – where the sidewalk was broken near an inclined area –was under an inch and a half, so the complained-of condition was not unreasonably dangerous. Based upon this showing, the trial court granted the School Board's motion for summary judgment and dismissed the Robinsons' claims against the School Board, with prejudice. A judgment in conformity with this ruling was signed on September 6, 2022, therein also granting the School Board's motion to strike and overruling the School Board's objection to Mr. Stanley's affidavit. The Robinsons now appeal, contending that the trial court erred in granting the School Board's motion for summary judgment due to the existence of genuine issues of material fact.

---

[2] Photographs are not included in the list of documents that may be filed in support of or in opposition to a motion for summary judgment. See La. C.C.P. art. 966(A)(4). However, the court shall consider any documents to which no objection is made. See La. C.C.P. art. 966(D)(2). Here, the Robinsons did not object to the photographs filed in support of the School Board's motion for summary judgment, so the trial court properly considered them.

[3] This objection is not contained in the record as the trial court struck the pleading.

## SUMMARY JUDGMENT[4]

An appellate court reviews the grant or denial of summary judgment *de novo* under the same criteria governing the trial court's determination of whether summary judgment is appropriate. M/V Resources LLC v. Louisiana Hardwood Products LLC, 2016-0758 (La. App. 1st Cir. 7/26/17), 225 So. 3d 1104, 1109, writ denied, 2017-1748 (La. 12/5/17), 231 So. 3d 624. Because this court reviews summary judgments *de novo*, we afford no deference to the trial court's underlying reasoning for its judgment. John River Cartage, Inc. v. Louisiana Generating, LLC, 2020-0162 (La. App. 1st Cir. 3/4/20), 300 So. 3d 437, 453 n.12. On *de novo* review, we also afford no deference to the legal standard or analysis applied by the trial court. Tucker v. Chatfield, 2023-0343 (La. App. 1st Cir. 11/9/23), --- So.3d ----, ---- 2023 WL 7410052, *4.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The summary judgment movant maintains the burden of proof. La. C.C.P. art. 966(D)(1). Nevertheless, if the movant will not bear the burden of proof at trial on the issue before the court on the motion, his burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party

---

[4] Louisiana Code of Civil Procedure article 966 was subsequently amended by La. Acts 2023, No. 317, § 1; La. Acts 2023, No. 368, § 1, effective August 1, 2023. This court has determined that the amendments are substantive and cannot be applied retroactively. See La. C.C.P. art. 966, Comments – 2023, Comment (f); Ricketson v. McKenzie, 2023-0314 (La. App. 1st Cir. 10/4/23), __ So. 3d __, __, 2023 WL 7037495, *4. Accordingly, in the instant matter, we apply the version of La. C.C.P. art. 966 in effect at the time the motions for summary judgment were submitted and heard.

4

fails to meet this burden, the mover is entitled to judgment as a matter of law. La. C.C.P. arts. 966(D)(1).

## OBJECTIONS

Louisiana Code of Civil Procedure article 966(D)(2) states that any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2). The abuse of discretion standard applies to the trial court's ruling.[5] Pottinger v. Price, 2019-0183 (La. App. 1st Cir. 10/23/19), 289 So. 3d 1047, 1053.

The School Board filed a timely objection to Mr. Stanley's affidavit, which was overruled by the trial court. The trial court found that Mr. Stanley's lay witness measurements and the janitor's statements contained in Mr. Stanley's affidavit were admissible. We note that the janitor's statements were improper, imbedded hearsay within an otherwise appropriate affidavit. Even when no objection is made to summary judgment evidence, the court must still decide *de novo* whether we should give the documents any evidentiary value. See La. C.C.P. art. 966(D)(2).

Next, the Robinsons filed a response to the School Board's objection to Mr. Stanley's affidavit and an objection to Ms. Bueche's affidavit. This document is not contained in the record. The School Board filed a motion to strike[6] the Robinsons' response and objection. However, we note that the objection to Ms.

---

[5] Although we review the grant or denial of summary judgment *de novo*, this court has applied the abuse of discretion standard when considering the trial court's ruling on an objection contained in a timely filed opposition or reply memorandum in accordance with La. C.C.P. art. 966(D)(2). See Loupe v. Roman Catholic Church of Diocese of Baton Rouge, 2022-1151 (La. App. 1st Cir. 5/9/23), 368 So. 3d 583, 586-587.

[6] The amendments to La. C.C.P. art. 966(D)(2) by La. Acts 2015, No. 422, §1, effective January 1, 2016, specifically removed the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment. See La. C.C.P. art. 966, Comments – 2015, Comment (k).

Bueche's affidavit was not contained in an opposition memorandum that was timely filed in accordance with La. C.C.P. art. 966(D)(2). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Id. Therefore, the affidavit of Ms. Bueche may be considered.

## LIABILITY

The Robinsons' claims against the School Board are based on La. C.C. arts. 2317 and 2317.1[7], as limited to public entities by La. R.S. 9:2800. Louisiana Civil Code article 2317 provides that we are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. However, La. C.C. art. 2317.1 modifies La. C.C. art. 2317 to further require proof that (1) the owner or custodian of a defective thing has knowledge of the defect, (2) the damage could have been prevented by the exercise of reasonable care, and (3) the failure to exercise reasonable care. Garrett v. Department of Children and Family Services, 2023-0412 (La. App. 1st Cir. 11/9/23), --- So. 3d ----, ----, 2023 WL 7403596, *2.

Custodial liability under La. C.C. art. 2317 is further limited as to public entities[8] by La. R.S. 9:2800, which requires additional proof that the public entity

---

[7] Pursuant to La. C.C. art. 2317.1,

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

[8] Louisiana Revised Statutes 9:2800(G)(1) states:

"Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. Public entity also includes housing authorities, as defined

6

had notice and opportunity to repair the defect. Garrett, --- So. 3d at ----, 2023 WL 7403596 at *2. Specifically, La. R.S. 9:2800(C) provides, in pertinent part:

> Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under [La. C.C. art.] 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

As such, in order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish:

> (1) custody or ownership of the defective thing by the public entity;
> (2) the defect created an unreasonable risk of harm;
> (3) the public entity had actual or constructive notice of the defect;
> (4) the public entity failed to take corrective action within a reasonable time; and
> (5) causation.

Jefferson v. Nichols State University, 2019-1137 (La. App. 1st Cir. 5/11/20), 311 So. 3d 1083, 1085, writ denied, 2020-00779 (La. 11/4/20), 303 So.3d 623.[9] Failure to meet any one of these statutory requirements will defeat a claim against a public entity. Id. at 1086. The School Board is a public entity under La. R.S. 9:2800(G)(1).

In her deposition testimony, Ms. Robinson indicated that Mr. Stanley was with her at the time of the incident and that the day after the incident he took pictures of the location where Ms. Robinson tripped. Ms. Robinson recognized that there were two cracks in the sidewalk and stated that she tripped on the expansion joint because there was a "little lip up." Ms. Robinson indicated that she did not trip where the sidewalk was broken near an inclined area. She further stated that

---

in R.S. 40:384(15), and their commissioners and other officers and employees and sewerage and water boards and their employees, servants, agents, or subcontractors.

[9] We note that the defendant in this case is Nicholls State University and not Nichols State University. In the caption of the case, "Nicholls" is misspelled.

she had walked on that sidewalk several times before and did not notice any cracks or breaks in the sidewalk before the incident.[10]

Photographs of the sidewalk showed that there were two so-called "cracks" – an expansion joint and a location where the sidewalk connected to an inclined area. A photograph of the expansion joint referenced by Ms. Robinson at her deposition is included in the group of photographs submitted in support by the School Board. On that photograph, the attorney circled the crack at the location where Ms. Robinson indicated that she tripped – the expansion joint.



---

[10] For a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it. Farrell v. Circle K Stores, Inc., 2022-00849 (La. 3/17/23), 359 So. 3d 467, 478. The open and obvious concept asks whether the complained-of condition would be apparent to any reasonable person who might encounter it. If so, that reasonable person would avoid it, and the factor will weigh in favor of finding the condition not unreasonably dangerous. Id. Whether the plaintiff has knowledge of the condition is irrelevant in determining whether the thing is defective. Otherwise, the analysis resurrects the long ago abolished doctrines of assumption of the risk and contributory negligence, both of which focus on the knowledge and acts of the plaintiff. The plaintiff's knowledge is appropriately considered in assessing fault, but is not appropriate for summary judgment proceedings. Id.

Additionally, the School Board submitted the affidavit of Ms. Bueche, the principal of STEM, who stated that she completed an accident report based on information given to her by Mr. Stanley.[11] Ms. Bueche indicated that she did not see the incident occur and had no reports of anyone falling on this sidewalk prior to Ms. Robinson. Ms. Bueche attached photographs of the area where Ms. Robinson reportedly fell, which were photographs of the area where the sidewalk was broken by the incline.[12]

Based on our *de novo* review of the documents offered by the School Board in support of its motion for summary judgment, we find the School Board presented sufficient evidence to establish that there was an absence of factual support for two elements necessary to the Robinsons' claims – that the defect created an unreasonable risk of harm or that the School Board had actual or constructive notice of the defect. Consequently, the burden shifted to the Robinsons to produce factual support sufficient to establish that they would be able to satisfy their burden of proof at trial or that a genuine issue of material fact existed and that the School Board was not entitled to judgment as a matter of law.

In opposition to the School Board's motion, the Robinsons submitted the affidavit of Mr. Stanley, the individual who was with Ms. Robinson at the time of the accident. Mr. Stanley stated that he witnessed the incident, that he took photographs of the area where the incident occurred, that Ms. Robinson tripped where the sidewalk connected to the inclined area, and that he would estimate the change in elevation to be two to three inches.[13] He further indicated that, after Ms.

---

[11] The accident report was attached to Ms. Bueche's affidavit.

[12] Ms. Bueche indicated that she accompanied Neil Covington of Louisiana Claims Administrators when he viewed and took measurements of the area. Since Mr. Stanley claimed that Ms. Robinson did not trip over the expansion joint, no measurements were taken at that location.

[13] Mr. Stanley stated that there appeared to be a pour of concrete on top of the sidewalk, which was formed into a ramp. Then, the bottom portions of that ramp were broken off and created an elevation change.

Robinson fell, a gentleman who identified himself as the janitor stated that "it's been like that for a long time" and "another person had fallen . . . in the very same spot where [Ms. Robinson] fell." Mr. Stanley attached three photographs, which indicated that the location of the incident was where the sidewalk connected to the inclined area.

It is not clear from the record whether Ms. Robinson tripped on an expansion joint as indicated in her deposition or where the sidewalk was broken near an inclined area as claimed by Mr. Stanley in his affidavit. Because the location of the incident is not established, it is difficult to determine whether a defect created an unreasonable risk of harm and caused the accident.

Courts have adopted a risk-utility balancing test to determine whether a condition is unreasonably dangerous. The likelihood of the harm factor asks the degree to which the condition will likely cause harm. If it is likely to cause harm, that weighs in favor of finding it unreasonably dangerous. If it is unlikely to cause harm, that weighs in favor of it not being unreasonably dangerous. Farrell v. Circle K Stores, Inc., 2022-00849 (La. 3/17/23), 359 So. 3d 467, 474. This Court has applied the risk-utility balancing test to determine whether a defect in a sidewalk creates an unreasonable risk of harm, and determined there is no fixed rule to determine whether a defect in a sidewalk is unreasonably dangerous. Chambers v. Village of Moreauville, 2011-898 (La. 1/24/12), 85 So. 3d 593, 598. Whether a risk is unreasonable is a factual matter that must be determined in light of each particular case's facts and circumstances, not a simple rule of law which can be applied mechanically to the facts of the case. See Manchester v. ANPAC Louisiana Ins. Co., 2018-1379 (La. App. 1st Cir. 5/31/19), 278 So. 3d 993, 997. Even so, summary judgment may be appropriate to resolve the issue of whether a condition presented an unreasonable risk of harm when the facts are undisputed. See Prince

10

v. Rouse's Enterprises, L.L.C., 2020-150 (La. App. 5ᵗʰ Cir. 12/2/20), 305 So. 3d 1078, 1086.

The School Board contends that summary judgment is appropriate in this case despite the dispute as to whether Ms. Robinson tripped on an expansion joint or where the sidewalk was broken near an inclined area due to the height variations of both locations.[14] However, while there may be a dispute regarding the deviation of the area where the sidewalk was broken near the incline, **Ms. Robinson denies tripping at this location**. Further, no one submitted any measurements of the expansion joint area, and it is not possible to tell whether there is a deviation from the angle of the photographs submitted. Thus, we are unable to conclude that either the expansion joint or the inclined area is defective and presents an unreasonable risk of harm.

Additionally, the Robinsons failed to present factual support to establish the School Board had either actual or constructive knowledge of a defect in the expansion joint, which is also an essential element of the Robinsons' claim. See La. R.S. 9:2800(C). Actual knowledge has been defined as knowledge of dangerous defects or conditions by a corporate officer or employee of the public entity having a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities. Davis v. City of Baton

---

[14] In support of its argument, the School Board contended that there was no unreasonable risk of harm since the crack had a deviation of less than one-and-one-half inch and that there is no unreasonable risk of harm in expansion joints. Louisiana jurisprudence has consistently held that a one-and-one-half inch deviation does not generally present an unreasonable risk of harm. Chambers v. Village of Moreauville, 2011-898 (La. 1/24/12), 85 So. 3d 593, 598. Further, the Louisiana Supreme Court has found that the utility of expansion joints is clearly apparent. Reed v Wal-Mart Stores, Inc., 1997-1174 (La. 3/ 4/ 98), 708 So. 2d 362, 366. As to the specific utility of expansion joints, the Reed court noted that the joints are necessary for the safety and maintenance of larger paved surfaces, because they allow for the concrete to expand and contract as it heats and cools due to weather. Id. Absent the expansion joints, the concrete blocks would contract and later crack and split in the cold. Id. Subjected to heat, the concrete blocks would press against each other, cracking, shifting and buckling, which would produce hazardous deviations in elevation. Id. Further, the cost of maintaining such an area would be prohibitive as it would necessitate frequent replacement of the fragmented concrete blocks. Id. Although decided over 25 years ago, the Reed court's reasoning on the utility of paved surfaces remains valid. See Prince v. Rouse's Enterprises, L.L.C., 2020-150 (La. App. 5ᵗʰ Cir. 12/2/20), 305 So. 3d 1078, 1084.

11

Rouge, 2017-1473 (La. App. 1st Cir. 4/9/18), 2018 WL 1704095, *5 (unpublished). Constructive notice is defined as the existence of facts which infer actual knowledge. La. R.S. 9:2800(D). Mr. Stanley's affidavit contended that an unnamed janitor told him that the crack was there for a long time and someone had fallen at the location before. However, there is nothing in the record that indicates that the janitor is an employee that has the duty to keep the property in good repair or to report defects and dangerous conditions to property authorities. Further, there is no evidence of the existence of facts which would infer actual knowledge. Further, while the janitor indicated that the crack was there for a "long time," there is no indication of what period of time he considered to be a long time. Therefore, no evidence was presented to show how long either condition existed prior to Ms. Robinson's accident or whether the School Board was put on notice.

To defeat summary judgment after the School Board presented its evidence regarding lack of notice, the Robinsons were required to produce factual support establishing they would be able to satisfy their burden of proving at trial that the School Board had actual or constructive notice of a defect and failed to remedy the defect with reasonable diligence. The Robinsons failed to present any such evidence. The Robinsons' contentions do not in themselves constitute factual support to establish the required element of either actual or constructive knowledge. Thus, the School Board is entitled to judgment as a matter of law. Accordingly, we find that the trial court did not err in granting the School Board's motion for summary judgment.

## CONCLUSION

For the above and foregoing reasons, the September 6, 2022 judgment of the trial court granting Pointe Coupee Parish School Board's motion for summary judgment and dismissing Susan Robinson's and Douglass Robinson, III's claims is

affirmed. Costs of this appeal, in the amount of $1,140.00, are assessed to Susan Robinson and Douglass Robinson, III.

**AFFIRMED.**